UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER BROWN, | No. 2:17-cv-1845 MCE AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

I. <u>Introduction</u>

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, and a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff is incarcerated at the California Health Care Facility (CHCF) in Stockton.

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, this court recommends the dismissal of this action with prejudice.

II. <u>As a "Three Strikes Litigant," Plaintiff May Not Proceed In Forma Pauperis in This Action Because He was Not Under Imminent Danger of Serious Physical Injury When He Filed the Instant Complaint, 28 U.S.C. § 1915(g)</u>

In another of plaintiff's recently filed cases assigned to the undersigned, this court issued findings and recommendations finding that plaintiff is a "three strikes litigant" under 28 U.S.C. §

1915(g), because he previously brought five cases that were dismissed for failure to state a claim. See Brown v. Sagireddy, Case No. 2:17-cv-02041 KJM AC P, ECF No. 3. Under Section 1915(g), a prisoner may not proceed in forma pauperis in a civil action if, on three or more prior occasions, the prisoner brought an action or appeal "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury" at the time he filed the new complaint. 28 U.S.C. § 1915(g). See also Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception under § 1915(g)"). The imminent danger must be real and proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and it must be ongoing, Andrews, 493 F.3d at1056.

In Brown v. Sagireddy, Case No. 2:17-cv-02041 KJM AC P, the undersigned found that plaintiff was not under imminent danger of serious physical injury when he filed the complaint on September 27, 2017, and therefore recommended that plaintiff be required to pay the full filing fee to obtain screening of his complaint under 28 U.S.C. § 1915A. See id., ECF No. 3 at 2-3. The same circumstances apply to the instant case. Plaintiff's previously dismissed cases identified in Brown v. Sagireddy were also dismissed before plaintiff filed the instant complaint on September 3, 2017.[1] Thus, by application of Section 1915(g), plaintiff is precluded from proceeding in forma pauperis in this action unless he was "under imminent danger of serious physical injury" when he filed the instant complaint.

The instant complaint names as defendants the State of California and California Governor Edmund G. Brown, Jr. The complaint alleges that, in 2015, CHCF hemodialysis technicians D. Lemings and "Tammy" compelled plaintiff to accept intravenous saline under threat of withholding his hemodialysis therapy. On one occasion, Lemings summoned four to five officers who threatened plaintiff with the use of force if he did not accept a full bag of

---

[1] Plaintiff is accorded the benefit of the prison mailbox rule, pursuant to which a document is deemed filed or served on the date a prisoner signs the document (or signs the proof of service, if later) and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by prisoners).

intravenous saline. Administration of the saline made plaintiff feel ill with symptoms of hyperkalemia (potassium toxicity). Plaintiff avers that on several occasions, when he felt ill following an infusion, he collected samples of the saline from his treatment lumens, and sealed the samples in sterile bottles which he labeled with the date and the name of the administering technician. Plaintiff alleges that the samples "contained toxic levels of potassium and some other blood pressure spiking poison . . . these were attempts to murder me by prison personnel." ECF No. 1 at 3.

The complaint further alleges that, on January 18, 2016, plaintiff "authored and mailed a five page state document [] requesting the Secretary of Corrections, a subordinate and appointee of defendant Edmund G. Brown Jr., to order (then) [CHCF] Warden Jennifer Barretto to prevent her staff from attempting to steal said samples of saline from my possession." Id. at 2. Failing to receive a response, plaintiff sent copies of the document to Governor Brown "several times between January and March 2016," informing the Governor that his "life was in jeopardy" and requesting that he direct the Warden to retrieve and analyze the evidence. Id. at 3. Plaintiff asserts that "[t]here was no official response from the Governor's Office in regard to said report and request." Id. Plaintiff seeks general declaratory, monetary and injunctive relief. Id. at 8.

Because the conduct plaintiff challenges took place more than a year-and-a-half prior to the filing of the complaint, plaintiff is unable to demonstrate that he was in imminent danger of serious physical injury when he filed the instant complaint. Therefore, under Section 1915(g), plaintiff may not proceed in forma pauperis in this action but must instead pay the full filing fee.

Furthermore, because it is clear that the instant complaint fails to state a cognizable claim, the undersigned will recommend dismissal of this action with prejudice on that basis.

III. Plaintiff's Complaint Fails to State a Cognizable Claim

A. Legal Standards for Screening Prisoner Civil Rights Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. Plaintiff's Complaint Fails to State a Cognizable Claim

Plaintiff's allegations that CHCF hemodialysis technicians are attempting to murder him by improperly administering intravenous saline and an unidentified poison appear to be implausible and fanciful, and it is highly unlikely that the evidence obtained by plaintiff would be probative. The only potentially cognizable claim based on these alleged facts may be the alleged deliberate indifference to plaintiff's serious medical needs by CHCF medical providers. See e.g. Estelle v. Gamble, 429 U.S. 97 (1976). However, the only named defendants are the State of California and the California Governor, and this case is clearly aimed at obtaining an order of this court that directs the Governor to direct the Warden to investigate plaintiff's allegations. This assessment, and the futility of granting leave to amend the complaint, is underscored by plaintiff's proclamation that he did not attempt to exhaust his administrative remedies on this matter, a prerequisite for commencing an action in this court under 42 U.S.C. § 1983,[2] because "[d]efendant [is] beyond the purview of the prison administrative remedies." ECF No. 1 at 4.

The State of California is not a proper defendant in an action brought under Section 1983. The Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity. Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Krainski v. Nevada ex rel. Board of Regents, 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief,

---

[2] The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions. 42 U.S.C. § 1997e(a). However, "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (citation omitted).

4

absent unequivocal consent by the state."). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court," nor has such immunity been abrogated by Congress. Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999).

With respect to the Governor, the Eleventh Amendment "does not . . . bar actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law." Coalition to Defend Affirmative Action v. Brown, 674 F.3d 1128, 1134 (9th Cir. 2012) (citations omitted). However, "[t]he individual state official sued must have some connection with the enforcement of the act. . . . [and] that connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." Id. (citations and internal quotation marks omitted). Governor Brown's general supervisory powers do not extend to criminal/medical investigations requested by individual state prisoners.

For these reasons, the undersigned finds that the instant complaint fails to state a cognizable claim against a proper defendant and that these matters cannot be cured by amendment. This action should be dismissed with prejudice, and dismissal of this action should count as an additional "strike" under 28 U.S.C. § 1915(g).

IV.  Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed with prejudice for failure to state a cognizable claim; and

2. Dismissal of this action shall be counted as a "strike" under 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings

////

////

////

and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 26, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE